UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OTHELLO SULLIVAN,

    Plaintiff/Counter-Defendant,

v.

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN, a Michigan
insurance company,

    Defendant/Counter-Plaintiff.
_____/

CASE NO. 1:10-cv-909

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Plaintiff's motion to remand or, in the alternative, to dismiss Count II of the Complaint and remand. (Dkt. No. 17.) For the reasons that follow, Plaintiff will be permitted to amend his Complaint to eliminate Count II, and the action will be remanded to the District Court for Ingham County, Michigan, from which it was removed.

**I. Background**[1]

On or about July 14, 2009, Plaintiff was riding his bicycle with traffic northbound on

---

[1] The facts of this case are taken from Plaintiff's State Court Complaint, (Dkt. No. 1, Notice of Removal, Ex. A2, Compl.). Although both of the original defendants in this action have filed answers, (Dkt. Nos. 9, 11), each avers that it lacks foundation or sufficient information to admit or deny the allegations. For the purposes of deciding the present motion, resolution of the veracity of these facts is unnecessary, and the Court offers a summary of them only by way of background.

South Cedar Street in Lansing, Michigan. (Compl. ¶ 5.) As he proceded, with the right-of-way, through the intersection with East Elm Street, the driver of a Chrysler Pacifica attempted to make a right turn on red from East Elm onto South Cedar. (*Id.*) Plaintiff was struck by the Pacifica and was injured.

At the time of the collision, Plaintiff believed himself to be uninsured. (*Id.* at ¶ 7.) Plaintiff now alleges that he may, in fact, have been insured by former Defendant Auto Club Insurance Association ("Auto Club"), a Michigan insurance company.[2] (*Id.* at ¶ 8.) At the time of the collision, Plaintiff alleges that the driver of the Pacifica was insured with a Michigan automobile no-fault insurance policy by Defendant Farm Bureau Mutual Insurance Company of Michigan ("Farm Bureau"). (*Id.* at ¶ 10.) Plaintiff alleges that if he was covered by Auto Club, then Auto Club has priority legal responsibility to pay no-fault personal injury protection benefits to Plaintiff, and, if not, then Defendant Farm Bureau has priority legal responsibility to pay. (*Id.* at ¶¶ 9, 11.) Plaintiff alleges that, despite receiving reasonable notice of the facts and circumstances surrounding this case and receiving reasonable proof of the amount of various losses, neither Auto Club nor Defendant Farm Bureau has made any payments. (*Id.* at ¶¶ 19, 20.) Instead, expenses that should have been paid by one of the two insurance companies were paid by Medicare. (*Id.* at ¶ 28.)

---

[2] On January 5, 2011, and pursuant to a stipulation by all parties (Dkt. No. 20), this Court dismissed Auto Club as a defendant in this matter. The dismissal was without prejudice, and the Court has no basis for knowing whether Plaintiff continues to believe that he may have been insured by Auto Club.

On July 13, 2010, Plaintiff filed suit against both insurance companies in the District Court for Ingham County, Michigan. (*Id.*) Both insurance companies were served on September 8, 2010. (Notice of Removal ¶¶ 2, 3.) The suit has two counts: Count I is a claim for benefits pursuant to the Michigan No-Fault Automobile Insurance Act, Mich. Comp. Laws §§ 500.3101-.3179; Count II is a claim to recover amounts paid by Medicare which should have been paid by one of the insurance companies, along with double damages, pursuant to the federal Medicare Secondary Payer statute ("MSP"), 42 U.S.C. § 1395y.

On September 16, 2010, the insurance companies removed the action to this Court, citing this Court's federal question jurisdiction under 28 U.S.C. § 1331 and Plaintiff's reliance on a federal statute in Count II of his complaint.[3] (Notice of Removal ¶ 5.) On December 3, 2010, and after both insurance companies had filed answers, Plaintiff filed the present motion.[4] Plaintiff asks that this Court find that it lacks subject matter jurisdiction

---

[3] Plaintiff has argued, and Defendant apparently does not contest, that this Court does not have diversity jurisdiction in this case. In order for this Court to exercise diversity jurisdiction, the amount-in-controversy requirement must be met. The removing party bears the burden of satisfying the amount-in-controversy requirement. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). Plaintiff has alleged, and Defendant does not contest, that the amount in controversy is less than $25,000, far below the $75,000 threshold required by this Court.

[4] Defendant argues that Plaintiff's motion to remand is untimely under 28 U.S.C. § 1447(c). Although the Court will ultimately find that it has subject matter jurisdiction, the lack thereof is the defect asserted by Plaintiff and the motion is therefore timely under 28 U.S.C. § 1447(c). *See id.* ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal . . . .") (emphasis added).

and is thus required to remand the case back to state court. (Mot. to Remand ¶ 17.) In the alternative, Plaintiff asks that this Court dismiss Count II of his Complaint, thus depriving this Court of subject matter jurisdiction, and remand. (*Id.* at ¶ 18.)

## II. Discussion

**A.)   Subject Matter Jurisdiction**

"Having initiated this suit under 42 U.S.C. § 1395y(b)(3)(A), . . . [P]laintiff seeks damages for double the amount he claims . . . [Defendant is] obligated to reimburse Medicare for its payments made on his behalf. The Court's federal question jurisdiction is invoked." *Brown v. United States Steel Corp.*, Civil Action No. 10-780, 2010 U.S. Dist. LEXIS 115503, at*4 (W.D. Pa. Oct. 29, 2010). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, this Court has original jurisdiction of cases "arising under the Constitution, laws, or treaties of the United States." Generally, a district court has federal question jurisdiction if the case includes a federal claim. Here, Plaintiff's Count II claim arises under a federal statute; thus, it is a federal claim, and this Court appears to have been vested by Congress with jurisdiction.

Plaintiff nonetheless argues that this Court's jurisdiction is defeated because "state law predominates," 28 U.S.C. § 1441, and the state claim "substantially predominates over the claim . . . over which [this Court] has original jurisdiction," 28 U.S.C. § 1367. (Mot. to Remand ¶¶ 11, 12, 17.) Plaintiff's arguments are meritless. As Plaintiff acknowledges,

4

predomination of state law issues provide discretion for this Court to remand. (*Id.* at ¶¶ 11-12.) Predomination does not *require* that this Court remand, and it certainly does not defeat this Court's jurisdiction. To the extent that Plaintiff requests that this Court remand the action as it currently stands because state claims predominate, the motion will be denied.

**B.)   Plaintiff's Alternative Motion**

Plaintiff requests in the alternative that this Court dismiss Count II of his complaint – the MSP claim – and remand the matter back to state court for lack of jurisdiction. Although this phrasing is somewhat unusual, the Court recognizes this as a motion to amend his Complaint under Federal Rule of Civil Procedure 15. Such motions are freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2).[5] For the reasons stated below, justice adamantly does so require, and the motion to amend and remand will be granted.

"The MSP statute was passed in response to a dramatic increase in Medicare expenditures." *Baptist Mem'l Hosp. v. Pan Am. Life Ins. Co.*, 45 F.3d 992, 997 (6th Cir. 1995), *cert. denied*, 516 U.S. 824 (1995). "The MSP 'makes Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer.'" *Stalley v. Methodist Healthcare*, 517 F.3d 911, 915 (6th Cir. 2008) (quoting *United Seniors Ass'n v. Philip Morris USA*, 500 F.3d 19, 21 (1st Cir. 2007)). "'This means that if payment for covered services has been or is reasonably expected to be

---

[5]Plaintiff cites this standard and thus implicitly this Rule in paragraph 22 of his motion, and he relies on the Rule explicitly in his brief. (*See* Mot. to Remand ¶ 21-22; Mot. to Remand, Attach. 1, Pl.'s Br. 4.).

5

made by someone else, Medicare does not have to pay.'" *Id.* (quoting *Cochran v. United States Health Care Fin. Admin.*, 291 F.3d 775, 777 (11th Cir. 2002)).

The MSP permits Medicare to submit conditional payments to health care providers "if a primary plan [including, *inter alia*, no fault insurance] has not made or cannot reasonably be expected to make payment with respect to such item or service promptly." 42 U.S.C. § 1395y(b)(2)(B)(i); *see also id.* at § 1395y(b)(2)(A)(ii). If Medicare makes any such conditional payment, the primary plan is required to reimburse Medicare "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." *Id.* at § 1395y(b)(2)(B)(ii). If Medicare is not timely reimbursed, the MSP establishes a private cause of action to enforce the reimbursement provisions by seeking double damages against the recalcitrant primary plan. *Id.* at § 1395y(b)(3)(A).

"There are two important conditions precedent that must be satisfied prior to invoking this cause of action." *Geer v. Amex Assur. Co.*, Case No. 09-11917, 2010 U.S. Dist. LEXIS 66834, at *9-10 (E.D. Mich. July 6, 2010). First, Medicare must have actually made payments on Plaintiff's behalf. *See id.* at *10; *Perry v. United Food & Commercial Workers Dist. Unions 405 & 442*, 64 F.3d 238, 244 (6th Cir. 1995). Here, Plaintiff asserts that Medicare made such payments and Defendant does not deny it.

The second condition precedent is that the insurer must be "responsible" for making the payments. Under the MSP,

> [R]esponsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means.

42 U.S.C. § 1395y(b)(2)(B)(ii). This Court has previously held that this demonstration, by one of the listed methods (generally something akin to judicial determination or settlement), must be made before a claim under the MSP accrues. *See Graham v. Farm Bureau Ins. Co.*, Case No. 1:07-cv-241, 2007 U.S. Dist. LEXIS 20024, at *8 (W.D. Mich. March 21, 2007) ("If plaintiff is successful in obtaining a judgment in her favor, then and only then will Farm Bureau Insurance Co. become responsible to reimburse Medicare for conditional payments advanced on behalf of plaintiff.") Neither party has argued that this holding is in error, and the holding is in keeping with those of numerous other federal courts. *See*, *e.g.*, *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1309 (11th Cir. 2006) ("Until Defendants' responsibility to pay for a Medicare beneficiary's expenses has been demonstrated (for example, by a judgment), Defendants' obligation to reimburse Medicare does not exist under the relevant provisions."); *Mason v. Am. Tobacco Co.*, 346 F.3d 36, 43 (2nd Cir. 2003) ("[T]he trigger for bringing a MSP claim is not the pendency of a disputed tort claim, but the established obligation to pay medical costs."); *Frazer v. CNA Ins. Co.*, 374 F. Supp. 2d 1067, 1078 (N.D. Ala. 2005) ("[A]ll cases . . . have presumed that such a cause of action and the relief afforded by the [MSP] arises only when a discrete claim has accrued."); *Stalley v. Erlanger Health Sys.*, Case Nos. 1:06-CV-194 *et al.*, 2007 U.S. Dist. LEXIS 14589, at *17 (E.D.

Tenn. February 28, 2007), *aff'd Stalley v. Methodist Healthcare*, 517 F.3d 911 (6th Cir. 2008) ("An MSP claim is not ripe until Defendants' responsibility has been shown by something akin to a judicial determination or a settlement."); *Geer*, 2010 U.S. Dist. LEXIS 66834, at *14-15 (relying on *Glover* to dismiss a MSP claim as premature). Here, Plaintiff's original Complaint attempts to simultaneously litigate his MSP claim with the underlying claim. The MSP claim is accordingly premature and justice requires that Plaintiff be allowed to amend his Complaint to omit it.[6]

Plaintiff suggests that the proper course of action is for the Court to remand the matter to the state court with the MSP claim intact. As noted by the court in *Geer*, "[h]ere, Plaintiff stated a direct cause of action under the MSP, and that federal claim would be no more timely in state court than it was in federal court. Therefore, dismissal without prejudice is the appropriate resolution."[7] 2010 U.S. Dist. LEXIS 66834, at *15-16. For the same reasons that the court in *Geer* granted the defendant's motion for summary judgment on the point and dismissed the MSP claim, this Court permits Plaintiff here to eliminate the claim from his own complaint. And for the same reason, remand with the claim intact would

---

[6] It appears that Plaintiff's First Amended Complaint, (Mot. to Remand, Ex. 1), alters his original Complaint only to the extent necessary to omit Count II.

[7] Defendant argues that if the MSP claim is dismissed, the dismissal should be with prejudice. (Dkt. No. 18, Def.'s Resp. 7.) As this Court does not dismiss the claim on its merits, dismissal with prejudice is inappropriate.

not be appropriate.[8]

### III. Conclusion

For the above reasons, Plaintiff's motion to remand the action back to the state court with the original Complaint intact will be denied. Plaintiff's alternative motion to amend will be granted. The matter will be remanded back to the court from which it was removed for further proceedings. An order consistent with this opinion shall be entered.

Dated: April 1, 2011                                            /s/ Robert Holmes Bell
                                                                         ROBERT HOLMES BELL
                                                                         UNITED STATES DISTRICT JUDGE

---

[8] Plaintiff has requested an order requiring Defendant "to pay all of Plaintiff's costs and expenses, including attorney fees, incurred due to the wrongful removal of this action." (Mot. to Remove ¶ D.) As the Court notes herein, the Court's jurisdiction was invoked and not meritoriously challenged. The removal was thus not wrongful, and the request for fees and costs is accordingly denied.

Likewise, Defendant has, in its response, requested "that it be awarded its attorney fees for having to defend against the Medicare Secondary Payer Act claims asserted by Plaintiff in this matter." (Def.'s Resp. 7-8.) Pursuant to our Federal Rules of Civil Procedure, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Thus, a response is not the proper place for a request to the Court. *See* W.D. Mich. LCivR 7.3 (distinguishing motions from responses).